UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EARLY IVAN SARMIENTO-PEREZ, § <br> CATALINO RAFAEL, § <br> J SALUD JAMAICA, § <br> JUAN F. SALAS, § <br> HUGO Y. CASTANEDA § <br> and all others similarly § <br> situated under 29 U.S.C. 216 (b), § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> LAS COLINAS INTERNATIONAL, INC. § <br> d/b/a FORMOSA FOODS § <br> and JESSE CHANG, § <br> Defendants. § | CIVIL ACTION NO. 3:14-cv-01898-L (BF) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

COME NOW Plaintiffs Early Ivan Sarmiento-Perez, Catalino Rafael, J. Salud Jamaica, Juan F. Salas, and Hugo Y. Castaneda (collectively "Plaintiffs"), and file this Response to Defendants' Motion for Protective Order and would respectfully show as follows:

**I.
Background**

1. This Fair Labor Standards Act ("FLSA") lawsuit was filed on May 23, 2014. (**DE 1**).

2. Plaintiff Sarmiento-Perez filed his Motion to Ratify Opt-in Notice of Catalino Rafael and J. Salud Jamaica Pursuant to 29 U.S.C. 216(b) on October 1, 2014. (**DE 17**).

3. Plaintiff Sarmiento-Perez filed his Motion for Conditional Class Certification on October 14, 2014. (**DE 18**).

4. Plaintiff Sarmiento-Perez filed his Motion to Ratify Opt-in Notice of Juan F. Salas Pursuant to 29 U.S.C. 216(b) on November 14, 2014. (**DE 20**).

5. Plaintiff Sarmiento-Perez filed his Motion to Ratify Opt-in Notice of Hugo Y. Castaneda Pursuant to 29 U.S.C. 216(b) on November 28, 2014. (**DE 23**).

6. Defendants Las Colinas International d/b/a Formosa Foods and Jesse Chang (collectively, "Defendants") have not filed a response to any of the motions to ratify opt-ins or the motion for conditional class certification. *See generally,* Court's Docket.

7. Defendants filed their Motion to Dismiss for lack of subject-matter jurisdiction on May 1, 2015. (**DE 30**). Defendants attached their first offer of judgment as Exhibit A to their Motion to Dismiss; it is dated October 23, 2014, nine days after Plaintiffs' Motion for Conditional Class Certification was filed. *See* (**DE 30-3**).

8. Defendants state affirmatively that their Motion to Dismiss is a factual attack on the subject-matter jurisdiction of the Court. (**DE 30**) at p. 5, n. 5.

9. The current discovery deadline is June 1, 2015. *See* (**DE 26**) at ¶ 5. Motions to compel discovery must be filed by June 8, 2015. Id.

10. The dispositive motion deadline is June 15, 2015. *See* (**DE 26**) at ¶ 2.

11. Plaintiff Sarmiento-Perez filed his First Motion for Extension of Time to Respond to Defendants' Motion to Dismiss on May 22, 2015 and his Second Motion for Extension of Time to Respond to Defendants' Motion to Dismiss on June 1, 2015. (**DE 31**) and (**DE 40**), respectively.

12. Defendants filed their Motion for Protective Order on May 28, 2015 seeking a temporary

stay of the depositions of the Defendants which the Court referred to United States Magistrate Judge Paul D. Stickney by its Order of Reference entered on May 28, 2015. (**DE 36**) and (**DE 37**), respectively. Defendants' Motion for Protective Order is set for hearing on June 12, 2015 at 10:00 A.M. (**DE 38**).

13. Plaintiffs have filed a Motion to Extend Discovery requesting that the discovery deadline in this case be extended for thirty (30) days after the Court rules on the Defendants' Motion for Protective Order and that the deadline to file motions to compel discovery be extended for thirty-seven (37) days after the Court rules on Defendants' Motion for Protective Order. *See* (**DE 39**).

## II.
## Argument & Authority

14. Plaintiff's Motion for Conditional Class Certification and Notice, filed on October 14, 2014, remains pending before the Court. *See* (**DE 18**). Defendants made their first offer of judgment on October 23, 2014, nine days later. *See* (**DE 30-3**). Defendants have not filed a response to Plaintiff's Motion for Conditional Class Certification and Notice. As Plaintiffs' Motion for Conditional Class Certification is still pending, Defendants' Motion to Dismiss should be denied outright as it fails to address the claims of the class and the Plaintiffs' Motion for Conditional Class Certification was filed before any offers of judgment were made. *See* Zeidman v. J. Ray McDermott & Co., 651 F.2d 1030, 1051 (5th Cir. 1981) ("a suit brought as a class action should not be dismissed for mootness upon tender to the named plaintiffs of their personal claims, at least when, as here, there is pending before the district court a timely filed and diligently pursued motion for class certification."); Fontenot v. McCraw, 777 F.3d 741, 745-48 (5th Cir. 2015) (upholding

Zeidman as controlling Fifth Circuit law even after Supreme Court ruling in Genesis Healthcare Corp. v. Symczyk, 133 S.Ct. 1523 (2013)). *See also* Cruz v. Wash Masters Management LLC, 3:14-cv-04569-N, Order (**DE 26**) at pp. 12-16 (N.D. Tex. May 29, 2015) (Godbey, J.) (discussing history and present state of Fifth Circuit law on this issue and denying defendant's motion to dismiss).[1] If the Court denies Plaintiffs' Motion for Conditional Class Certification without first denying Defendants' Motion to Dismiss and then turns to address Defendants' Motion to Dismiss, additional discovery will be necessary as set out *infra*, ¶¶ 15-23.

15. Defendants admit that they are making a factual attack on the Court's subject matter jurisdiction. *See* MOTION TO DISMISS (**DE 30**) at p.5, n. 5; MOTION FOR PROTECTIVE ORDER (**DE 36**) at pp. 2-3. However, Defendants' only basis for attacking the Court's subject-matter jurisdiction is mootness based on unaccepted offers of judgment. MOTION TO DISMISS (**DE 30**) at 4-5; MOTION FOR PROTECTIVE ORDER (**DE 36**) at pp. 2-4. Defendants contend that they have offered Plaintiffs all that they could possibly recover under the FLSA and offer Defendants' time records in support of this argument. MOTION TO DISMISS (**DE 30**) at 6-7. Despite multiple attempts by Plaintiffs to schedule the depositions of the Defendants and other witnesses with knowledge pertinent to this issue, Defendants have so far refused to present themselves or other witnesses for deposition. *See* PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINES (**DE 39**) and exhibits thereto.

16. In the Fifth Circuit, a defendant cannot substitute factual attacks pursuant to Rule 12(b)(1) for a Rule 56 motion for summary judgment: "[W]here issues of fact are central both to

---

1) A copy of Judge Godbey's order was attached to Plaintiff's Second Motion for Extension of Time to Respond to Defendants' Motion to Dismiss as **Exhibit A**. *See* (**DE 40-1**).

subject matter jurisdiction and the claim on the merits, we have held that the trial court must assume jurisdiction and proceed to the merits." Montez v. Department of Navy, 392 F.3d 147, 150 (5th Cir. 2004). The amounts due and owing to the Plaintiffs are clearly central to the merits of the claims in this case and Defendants should not be allowed to attempt to improperly shift the burden of proof to Plaintiffs and then bar the door to discovery necessary to defeat what is in essence a motion for summary judgment filed by Defendants.

17. In Montez v. Department of Navy, the Fifth Circuit reiterated its previous ruling that plaintiffs must be given a greater level of protection when the validity of their claim is attacked under the guise of Rule 12(b)(1) by analyzing the 12(b)(1) motion as if it were a Rule 56 motion for summary judgment. *See* Montez v. Department of Navy, 392 F.3d 147, 150 (5th Cir. 2004) (quoting Williamson v. Tucker, 645 F.2d 404, 415 (5th Cir. 1981)). This protection is necessary as "factual" attacks under Rule 12(b)(1) would otherwise require plaintiffs to prove their case by a preponderance of the evidence without the benefit of discovery on issues central to the merits of the case. *See* Ballew v. Continental Airlines, Inc., 668 F.3d 777, 781 (5th Cir. 2012).

18. A very recent decision from the Northern District of Texas examining this issue is Flores v. ACT Event Services, Inc. In Flores, the defendants filed a Rule 12(b)(1) motion to dismiss after the plaintiffs rejected a Rule 68 offer of judgment. Flores v. ACT Event Services, Inc., No. 3:14-CV-2412-G, 2015 WL 567960 at *1 (N.D. Tex. Feb. 11, 2015) (Fish, J.). The court's analysis of the Rule 12(b)(1) motion is extensive and includes citations to many of the same cases cited herein in addition to others as well. *See* Flores, 2015 WL 567960 at *3-6, 8. The court ultimately found that the defendants' Rule 12(b)(1) motion was a

"factual" attack that went to the merits of plaintiffs' claims that should have been raised as a Rule 56 motion for summary judgment in order to provide a greater level of protection to the plaintiffs.  Id. at *8 (citing Montez, 392 F.3d at 150).  The court went on to find that even had defendants filed a Rule 56 motion, it would be improper to rule on a motion for summary judgment until further discovery had taken place, including the depositions of the defendants.  Id.  Flores also ultimately resulted in the denial of the defendants' Rule 12(b)(1) motion to dismiss.  Id.

19. Discovery remains open and Plaintiffs have noticed Defendants and Weldon Chang for deposition.  Defendants' motion for protective order seeks to stay the depositions until after the Court rules on Defendants' Motion to Dismiss.  (**DE 36**).  In essence, Defendants are attempting to force Plaintiffs to put on rebuttal evidence to a motion for summary judgment while at the same time refusing to allow Plaintiffs to conduct essential discovery necessary to procure that evidence and examine the accuracy of the very documents on which Defendants rely to support their Motion to Dismiss, which should properly be construed as a motion for summary judgment pursuant to binding Fifth Circuit authority.  Montez, 392 F.3d at 150. This discovery is essential for Plaintiffs to fully respond to the Motion to Dismiss, and knowing this, Defendants have so far evidenced their intent to bar Plaintiffs from engaging in basic, necessary, and proper discovery prescribed in the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 30.  Plaintiffs anticipate that it may be necessary to file a motion to compel Defendants to present themselves and other witnesses for depositions that Plaintiffs have sought for over eight months while attempting to coordinate a mutually agreeable date for depositions with Defendants in good faith.  *See* PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINES (**DE 39**) and

exhibits thereto.

20. Pursuant to <u>Zeidman</u>, <u>Fontenot</u>, and <u>Cruz</u>, cited *supra* at pp. 3-4, Defendants' arguments regarding the ability of their offers of judgment to moot the Plaintiffs' claims, including the class action claims and motion to certify a class currently pending in this case, are not supported by current and binding Fifth Circuit authority.  As set out in <u>Montez</u>, <u>Williamson</u>, <u>Ballew</u>, and <u>Flores</u>, cited *supra* at pp. 5-6, the Defendants' 12(b)(1) motion to dismiss must be treated as if it were a Rule 56 motion for summary judgment as it attacks the merits of Plaintiffs' claims by purporting to set out the maximum amount of damages that the Plaintiffs could recover in this action.  Under Rule 56, Defendants bear the burden of proof to prove their claims regarding Plaintiffs' maximum recoverable damages.  *See* <u>Montez</u>, 392 F.3d at 150; <u>Ballew</u>, 668 F.3d at 781; Fed. R. Civ. P. 56(a).

21. Not only are the requested depositions not an undue burden or expense on Defendants, Plaintiffs are entitled to take the requested depositions to conduct necessary and proper discovery in this case.  *See* <u>Flores</u>, 2015 WL 567960 at *8 ("Rather, the plaintiffs must have an opportunity to "take depositions, including the depositions of Corporate Representatives for ACT Event Services or Final Touch Cleaning Services, Inc.[,]" before the court will consider ruling on a summary judgment motion.").  Plaintiffs need to conduct these depositions to gather information regarding the manner in which Defendants' time records were kept, who had access to the time records, and to examine their accuracy in addition to a number of other issues relevant to this case.

22. Furthermore, Plaintiffs have not had ample opportunity to obtain the information through discovery.  Despite Plaintiffs' repeated attempts to coordinate with Defendants to conduct

the requested depositions at a mutually agreeable place and time, Defendants have not yet produced any witnesses for depositions in this matter. *See generally,* PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINES (**DE 39**) and exhibits thereto. In fact, Plaintiffs agreed to cancel a previously noticed deposition at Defendants' request due to counsel for Defendants changing offices with the understanding that the requested depositions would take place at a later date once counsel for Defendants was established at his new office. *See* (**DE 39-2**) at pp. 6-7; (**DE 39-3**) at pp. 2-3. Defendants' arguments that Plaintiffs have had ample opportunity to conduct the requested discovery in this matter ring hollow.

23. In summary, Defendants' Motion to Dismiss, if not denied outright, should be analyzed as a motion for summary judgment and Plaintiffs are entitled to conduct discovery to respond to the motion; discovery remained open when Plaintiffs noticed the Defendants for depositions and Plaintiffs have filed a motion to extend discovery due to the present Motion for Protective Order, and Plaintiffs may need to file a motion to compel Defendants to present themselves and other witnesses for depositions to fully address the issues raised in Defendants' Motion to Dismiss and to conduct basic discovery as allowed by the Federal Rules of Civil Procedure. For these reasons, Plaintiffs request that the Court deny Defendants' Motion for Protective Order and allow Plaintiffs to conduct the requested discovery.

### Conclusion & Prayer

Wherefore, Plaintiffs asks the Court to deny Defendants' Motion for Protective Order and allow the Plaintiffs' to conduct the requested discovery.

                                          Respectfully submitted,

By:   /s/ Joshua A. Petersen
       J.H. Zidell
       State Bar No. 24071840
       Email: zabogado@aol.com
       Robert L. Manteuffel
       State Bar No. 12957529
       Email: rlmanteuffel@sbcglobal.net
       Joshua A. Petersen
       State Bar No. 24085524
       Email: josh.a.petersen@gmail.com

**J.H. ZIDELL, P.C.**
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:   972-233-2264
Fax:  972-386-7610

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 5th day of June, 2015.

                                  /s/ Joshua A. Petersen
                                  Joshua A. Petersen
                                  Counsel for the Plaintiff(s)