IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EARLY IVAN SARMIENTO-PEREZ,** and all others similarly situated under 29 U.S.C. § 216(b), | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:14-CV-1898-L** |
| **LAS COLINAS INTERNATIONAL, INC.** d/b/a **FORMOSA FOODS** and **JESSE CHANG**, | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: Plaintiff's Motion for Conditional Certification and Class Notice pursuant to 29 U.S.C. § 216(b) (Doc. 18), filed October 14, 2014; Defendants' Motion to Dismiss (Doc. 30), filed May 1, 2015; Defendants' Motion for Protective Order (Doc. 36), filed May 28, 2015; Plaintiffs' Motion to Extend Discovery Deadlines (Doc. 39), filed June 1, 2015; and Plaintiffs' Second Motion for Extension of Time to Respond to Defendants' Motion to Dismiss, filed June 1, 2015 (Doc. 40). Having considered the motions,[1] record, and applicable law, the court **grants** Plaintiff's Motion for Conditional Certification and Class Notice pursuant to 29 U.S.C. § 216(b); **denies** Defendants' Motion to Dismiss; **denies as moot** Defendants' Motion for Protective Order;

---

[1] The court notes that no response briefs have been filed. As to Plaintiff's Motion for Conditional Certification and Class Notice, although the Certificate of Conference to the Motion indicates Defendants are opposed to the relief sought, Defendants did not file a response to the Motion. It is particularly troublesome to the court for a party to oppose a motion initially and not follow up with a timely brief setting forth the grounds for its opposition. This unnecessarily delays resolution of the matter. With regard to the remaining motions, the parties have appropriately sought extensions of time to respond, or the deadline to respond has not yet expired.

**denies as moot** Plaintiffs' Motion to Extend Discovery Deadlines; and **denies as moot** Plaintiffs' Second Motion for Extension of Time to Respond to Defendants' Motion to Dismiss.

## I. Factual Background and Procedural History

On May 23, 2014, Plaintiff Early Ivan Sarmiento-Perez ("Plaintiff"), on behalf of himself and others similarly situated, filed this putative collective action seeking to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiff alleges he, and others similarly situated, worked in excess of forty hours per week as warehouse workers and drivers for Defendants Las Colinas International, Inc. d/b/a Formosa Foods and Jesse Chang ("Defendants") but were not paid overtime in violation of 29 U.S.C. § 207(a)(1). Plaintiff seeks declaratory relief, back wages, liquidated damages, attorney's fees, and costs of court.

On October 14, 2014, Plaintiff filed a Motion for Conditional Certification and Class Notice pursuant to 29 U.S.C. § 216(b) (Doc. 18), asking the court to conditionally certify this FLSA case as a collective action, with the class comprised of warehouse workers and drivers employed by Defendants from May 24, 2011, to present. (Doc. 18). The motion further requests court-facilitated notice to potential class members and limited discovery. *Id.* Four individuals have filed opt-in consent forms, supported by affidavits, claiming to be similarly situated employees who were denied overtime by Defendants. *See* Pl.'s Notice of Filing Opt-In Consent Forms for Plaintiffs Catalino Rafael and J. Salud Jamaica at Exs. A and B (Docs. 16-1 and 16-2); Pl.'s Notice of Filing Opt-In Consent Forms for Plaintiff Juan F. Salas at Ex. A (Doc. 19-1); Pl.'s Notice of Filing Opt-In Consent Forms for Plaintiff Hugo Y. Castenada at Ex. A (Doc. 22-1). The court subsequently ratified these notices by electronic order. The court will refer to these four individual as the "Opt-In Plaintiffs." As already stated, *see supra* note 1, Defendants did not file a response to Plaintiff's Motion for

Conditional Certification and Class Notice, and did not oppose Plaintiff's request that the court ratify the consent forms of the Opt-In Plaintiffs.

On May 2, 2015, Defendants filed a motion to dismiss. In support, Defendants argue that Plaintiff's and Opt-In Plaintiffs' FLSA claims are mooted by offers of judgment under Federal Rule of Civil Procedure 68 made after Plaintiff filed his Motion seeking conditional class certification.[2] On May 22, 2015, Plaintiffs sought an extension of time to respond to Defendants' motion to dismiss, arguing that additional discovery was needed. (Doc. 31). On May 22, 2015, the court granted Plaintiffs an extension until June 1, 2015. (Doc. 35). On May 28, 2015, Defendants filed a Motion for Protective Order (Doc. 36), asking the court to stay discovery pending a ruling on their motion to dismiss. (Doc. 36). On June 1, 2015, Plaintiffs filed Plaintiffs' Motion to Extend Discovery Deadlines (Doc. 39) and Plaintiffs' Second Motion for Extension of Time to Respond to Defendants' Motion to Dismiss (Doc. 40).

**II.  Analysis**

    **A.  Plaintiff's Motion for Conditional Certification and Class Notice**

        *1.  Legal Standard for FLSA Collective Action and Certification*

Plaintiff seeks the conditional certification of this action as a collective action pursuant to the FLSA, which provides:

> An action . . . may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such

---

[2] The record shows that Defendants made an offer of judgment to Plaintiff and Opt-In Plaintiffs Rafael and Jamaica on October 23, 2014. Defs.' Mot. Ex. A, Oct. 23, 2014 Offer of Judgment (Doc. 30-3). On November 25, 2014, Defendants made an offer of judgment to Opt-In Plaintiff Salas *Id.* Ex. C (Doc. 30-5). On December 23, 2014, Defendants made an offer of judgment to Opt-In Plaintiff Castenada. *Id.* Ex. D (Doc. 30-6).

>action unless he gives his consent in writing to become such a party
>and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Unlike class actions brought under Federal Rule of Civil Procedure 23, classes under § 216(b) are opt-in classes, requiring any employee wishing to become a party to the action to "opt in" (rather than "opt-out") by filing his consent with the court in which the action is brought. *See id.*

Although the Fifth Circuit has not adopted a specific standard to be used in determining the propriety of class certification under the FLSA, it has recognized the two-step approach used by many courts consisting of (1) the notice stage and (2) the certification stage. *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 n.2 (5th Cir. 2008); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-16 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *see also Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 758 (N.D. Tex. 2013) (O'Connor, J.) (recognizing and applying two-stage test as prevailing test among federal courts); *Valcho v. Dallas Cnty. Hosp. Dist.*, 574 F. Supp. 2d 618, 621 (N.D. Tex 2008) (Fitzwater, C.J.) (noting that the Northern District of Texas federal courts apply the two-stage test "that prevails among federal courts.")

During the notice stage, the plaintiff must establish that there are other potential class members who are "similarly situated in their job requirements and pay provisions." *Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. 447, 449 (N.D. Tex. 2011) (internal quotations omitted). If a court is satisfied that a plaintiff has satisfied this test, the court may, in its discretion, decide to conditionally certify the class and facilitate notice of the lawsuit to potential class members. *See Valcho*, 574 F. Supp. 2d at 621-22.

At stage two, the certification stage, the court determines whether the class should be maintained through trial. *Mooney*, 54 F.3d at 1214. This stage typically begins when the defendant moves to decertify the class after discovery is largely complete. *Id.* The collective action will proceed if the court finds the potential class members similarly situated, but the class will be decertified if discovery fails to adequately identify a pool of claimants that is similarly situated. *Id.*; *see also Proctor v. Allsups Convenience Stores, Inc.*, 250 F.R.D. 278, 280 (N.D. Tex. 2008) ("At this second stage, the burden is on the Plaintiff to prove that the individual class members are similarly situated.").

Stage-one of the two-stage standard is "fairly lenient" and "typically results" in conditional certification. *Mooney*, 54 F.3d at 1214; *see also Behnken v. Luminant Mining Co., LLC*, 997 F. Supp. 2d 511, 519 n.6 (N.D. Tex. 2014) (Fitzwater, J.) ("Numerous courts have emphasized that the factual support necessary at this state is modest, and that the standard to be applied by the district court is quite lenient.") (collecting cases). The court will apply the two-stage test to determine the propriety of Plaintiff's motion for conditional certification.

### 2. *Discussion*

Plaintiff asks this court to conditionally certify a class consisting of "all warehouse workers and/or drivers who worked or performed work for Defendants during the time period [of] May 24, 2011 to the present[,]" and who worked over forty hours in any given work week, but were not paid overtime at a rate of time and one-half for all hours worked over forty. Pl.'s Mot. Cond. Cert. 7. Plaintiff was a warehouse worker and forklift operator employed by Defendants from June of 2011 to June 27, 2014. *See id.* Ex. A (Doc. 18-1). Plaintiff attests that he worked an average of 68 hours per week but was never paid overtime for hours worked in excess of forty hours per week. *Id.*

Plaintiff attests that there were at least forty other workers who performed similar duties and who have not been paid overtime wages. *Id.* Plaintiff has provided his own affidavit, as well as affidavits of Opt-In Plaintiffs Catalino Rafael, J. Salud Jamaica, Juan F. Salas, and Hugo Y. Castenada, all attesting to similar job duties and pay practices by Defendants. *Id.* Exs. A, B and C (Docs. 18-1, 18-2, and 18-3); Notice of Filing Opt-In Forms (Docs. 16-1, 16-2, 19-1, 23-1).

Applying the two-stage test and noting that Defendants have failed to file a response in opposition to Plaintiff's motion, the court concludes that Plaintiff has sufficiently established at this stage that he and similarly situated individuals were denied pay owed under the FLSA.[3] For these reasons, the court determines that conditional certification is warranted. *See generally Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (D. D. Tex. 2012) (holding that at the conditional certification stage, the court must determine whether there exists "some identifiable facts or legal nexus [that] binds the claims so that hearing the cases together promotes judicial efficiency."). The potential class of opt-in plaintiffs is defined as:

> All warehouse workers and/or drivers currently or formerly employed by Defendants during the time period from May 24, 2011, to present who worked over forty hours in any given work week, but were not paid overtime at a rate of time and one-half for all hours worked over forty (40).

The remaining issue is what type of notice the court should allow and what discovery Plaintiff requires to identify potential opt-in class members. Plaintiff submitted a proposed notice letter and consent form with his Motion. *See* Ex. D to Pl.'s Mot. for Cond. Cert. (Doc. 18-4). Defendants have not filed any objections, and the court hereby authorizes use of the proposed notice

---

[3] The court also finds that Plaintiff has adequately pled individual coverage and enterprise coverage, and notes that Defendants have not argued otherwise. *See* Compl. ¶¶ 10-13. *See generally Mendoza v. Detail Solutions, LLC*, 911 F. Supp. 2d 433, 438 (N.D. Tex. 2012) (citing 29 U.S.C. §§ 206(a)(1), 207(a)(1)).

letter and consent form in this litigation. *See generally Vargas v. Richardson Trident Co.*, 2010 WL 730155, at *11 (S.D. Tex. Feb. 22, 2010) ("[T]he general rule is that absent reasonable objections to plaintiff['s] proposed class notice, the plaintiff[] should be allowed to use the language of [his] choice in drafting the notice.") (internal quotation marks and citation omitted).[4]

## III.    Defendants' Motion to Dismiss

On May 1, 2015, Defendants filed a motion to dismiss arguing that Plaintiff's and Opt-In Plaintiffs' FSLSA claims had been rendered moot by Rule 68 offers of judgment made by Defendants. In support, Defendants argue as follows:

> Original Plaintiff Early Ivan Sarmiento-Perez and subsequent opt-in plaintiffs Catalino Rafael, Juan Salud Jamaica, Juan F. Salas, and Hugo Y. Castenada seek damages under the [FLSA]. Under Rule 68 of the Federal Rules of Civil Procedure, Defendants made offers of judgment that provided the plaintiffs with all relief they could possibly obtain in this matter. The plaintiffs allowed these offers of judgment to expire; consequently, they no longer have a personal stake or legally cognizable interest in the outcome of this action, a prerequisite to this Court's subject matter jurisdiction under Article III of the United States Constitution.

Defs.' Mot. 1. Thus, to rule on Defendants' motion to dismiss, the court must determine whether these Rule 68 offers of judgment have mooted Plaintiff's and Opt-In Plaintiffs' claims such that dismissal is required. For the reasons that follow, the court concludes that the offers of judgment do not moot these claims, and Defendants' motion to dismiss should be denied.

---

[4] Plaintiff also asks the court to issue an order: "requiring that Defendants not communicate, directly or indirectly, with any current or former employees about any matters which touch or concern the settlement of any outstanding wage claims or other matters related to this suit during the opt-in period." Pl.'s Mot. for Cond. Cert. 7. Plaintiff provides no authority for this request, and the court finds that an order preventing a party from contacting potential members of a class is unwarranted at this time, especially absent any argument from Plaintiff showing the need for such a prior restraint on protected speech. *See Castillo v. Hernandez*, 2011 WL 1528762, at *3 (W.D. Tex. Apr. 20, 2011) ("[O]rders limiting contact [with potential class members] must be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties.") (internal quotation marks and citation omitted).

In a FLSA case pending in this District, the presiding judge was confronted with a nearly identical fact pattern, as well as a motion to dismiss filed by the defendant calling for the court to resolve the same issue herein presented, namely, whether a defendant may secure dismissal of a FLSA collective action through a Rule 68 offer of judgment to the FLSA plaintiff when a timely filed motion for conditional certification is pending before the court. *See Reyes Cruz v. Wash Masters Management, LLC*, 3:14-cv-04569-N, Order (Doc. 26) pp. 12-16 (N.D. Tex. May 29, 2015) (Godbey, J.). After a thorough analysis of the current state of the law, United States District Judge David C. Godbey denied the defendant's motion, holding that when a FLSA plaintiff has filed a timely motion for conditional certification, a defendant cannot secure dismissal of the action through a Rule 68 offer of judgment made after the motion is filed. *Id.* at 16. In so holding, the court noted that "this issue has been the source of much attention across the circuits in recent years" and that on May 18, 2015, the Supreme Court granted a petition for writ of certiorari in *Campbell-Ewald Company v. Gomez*, in which the Supreme Court will examine:

> (1) Whether a case becomes moot, and thus beyond the judicial power of Article III, when a plaintiff receives an offer of complete relief on his claim; (2) whether the answer to the first question is any different when the plaintiff has asserted a class claim under Federal Rule of Civil Procedure 23, but receives an offer of complete relief before any class in certified[.]

*Id.* at 12 (quoting Pet. Writ Cert. at i, *Campbell-Ewald Company v. Gomez*, No. 14-857 (cert. granted May 18, 2015)). Rather than stay the case pending the Supreme Court's ruling, the court in *Cruz* conducted an exhaustive analysis of the current state of the law, ultimately concluding that it was bound to follow the Fifth Circuit's holding in *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030 (5th Cir. 1981), in which the Fifth Circuit determined that "a suit brought as a class action

**Memorandum Opinion and Order - Page 8**

should not be dismissed for mootness upon tender to the named plaintiffs of their personal claims, at least when, as here, there is pending before the district court a timely filed and diligently pursued motion for class certification." *Cruz*, 3:14-cv-04569-N, Order at 13-14 (quoting *Zeidman*, 651 F.2d at 1051) (emphasis added).[5]

The court agrees with Judge Godbey's cogent analysis regarding the current state of the law, and similarly agrees that staying this action pending the Supreme Court's decision in *Campbell* is not the appropriate course. Here, as in *Cruz*, Plaintiff filed a timely motion for conditional certification before the Rule 68 offers of judgment were made. Given that the motion for conditional certification was pending when the offers of judgment were made (and remains pending), the court concludes that the Rule 68 offers of judgment do not moot Plaintiff's or Opt-In Plaintiffs' FLSA claims or their ability to seek conditional certification of a collective action. *See Zeidman*, 651 F.2d at 1051; *Cruz*, 3:14-cv-04569-N, Order at 12-16.[6] Otherwise stated, the issues presented are still "live," and the Plaintiff and Opt-In Plaintiffs have a legally cognizable interest in the outcome of the litigation. *See Powell v. McCormack*, 395 U.S. 486, 496 (1960) (holding that a case becomes

---

[5]Although acknowledging that the Fifth Circuit has "questioned the viability of this doctrine," Judge Godbey noted that the Fifth Circuit "ultimately declined to overrule it[]" and concluded that "without an explicit mandate to the contrary[,]" the Fifth Circuit's decision in *Zeidman* controlled. *Id.* at 16.

[6] In support of their motion to dismiss, Defendants rely on district court cases in which a motion for conditional certification had not been filed when the Rule 68 offers of judgment were made. *See* Defs.' Mot. at 4-5 (citing cases). These cases are not on point here, since Plaintiff filed a timely motion for conditional certification of a collective action *before* the offers of judgment were made. Defendants also cite the Supreme Court's decision in *Genesis Healthcare Corp. v. Symczyk*, __ U.S. __, 133 S. Ct. 1523 (2013). *See* Defs.' Mot. 5, 9. *Genesis*, however, does not alter this court's ruling. In *Genesis*, the Supreme Court held that a FLSA collective action case is not justiciable when the named plaintiff's individual claims become moot. 133 S. Ct. at 1526. In reaching this holding, the Court assumed without deciding that the named plaintiff's claims had become moot based on an unaccepted Rule 68 offer of judgment. *Id.* at 1529. The Court did not rule on the issue because it had been waived and no cross-appeal had been filed. *See id.* at 1528-29 ("While the Courts of Appeals disagree whether an unaccepted offer of judgment that fully satisfies a plaintiff's claim is sufficient to render the claim moot, we do not reach this question, or resolve the split, because the issue is not properly before us."); *see also id.* at 1537 (Kagan, J., dissenting) (chiding majority for failing to resolve the circuit split).

moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome" of the litigation); *see also Knox v. Service Employees Int'l Union, Local 1000*, __ U.S. __. 132 S.Ct. 2277, 2287 (2012) ("A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.").

## IV.   Remaining Motions

Also before the court are: Defendants' Motion for Protective Order (Doc. 36); Plaintiffs' Motion to Extend Discovery Deadlines (Doc. 39); and Plaintiffs' Second Motion for Extension of Time to Respond to Defendants' Motion to Dismiss (Doc. 40). These motions all relate to whether Plaintiffs are entitled to additional discovery prior to responding to Defendants' Motion to Dismiss. In light of the court's determination that Defendants' Motion to Dismiss should be denied as a matter of law, *see supra* Sec. III, the court need not consider any of the arguments raised in these motions. Accordingly, the court will deny the remaining motions as moot.

## V.   Conclusion

For the reasons stated herein, the court **grants** Plaintiff's Motion for Conditional Certification and Class Notice Pursuant to 29 U.S.C. § 216(b) (Doc. 18); **denies** Defendants' Motion to Dismiss (Doc. 30); **denies as moot** Defendants' Motion for Protective Order (Doc. 36); **denies as moot** Plaintiffs' Motion to Extend Discovery Deadlines (Doc. 39); and **denies as moot** Plaintiffs' Second Motion for Extension of Time to Respond to Defendants' Motion to Dismiss (Doc. 40). .

Having granted Plaintiff's Motion for Conditional Certification and Class Notice Pursuant to 29 U.S.C. § 216(b), the court conditionally certifies class of:

> All warehouse workers and/or drivers currently or formerly employed by Defendants during the time period from May 24, 2011, to present who worked over forty hours

in any given work week, but were not paid overtime at a rate of time and one-half for all hours worked over forty (40).

Further, the court grants limited discovery and authorizes notice to potential plaintiffs. Accordingly, the court **orders** as follows:

(1) Defendants shall provide Plaintiff in electronic form with a list of the full names, mailing addresses, telephone numbers, and e-mail addresses of all warehouse workers or drivers who worked or performed work for Defendants during the period of May 24, 2011 to present ("Employee Information"). The Employee Information shall be provided within **ten (10) days** of this order, dated June 5, 2015.

(2) Plaintiff shall send the authorized notice letter and consent form to potential class members via first class mail within **seven (7) days** after receipt of Employee Information from Defendants (hereinafter, the "Mailing Date").

(3) Potential class members shall submit their consent forms opting-in to this lawsuit no later than **sixty (60) days** from the Mailing Date (the "Opt-in Period"), unless the parties agree to allow later filings.

(4) Plaintiff's counsel shall date stamp the returned consent forms on the day they are received in counsel's office, and all consent forms received on or before the last day of the Opt-In Period will be considered timely. For any consent form postmarked after the Opt-In Period, the court will not consider it absent good cause shown.

(5) Plaintiff's counsel shall file the consent forms with the court within **fourteen (14) days** after the last day of the Opt-In Period, noting the received date for each consent form (the "Filing Date").

(6) The parties may conduct further class certification discovery for a period of **ninety (90) days** after the Filing Date.

(7) This order shall not prejudice Defendants' right to file a motion to decertify the class at a later date.

In light of the time needed to allow notice to potential class members, an opt-in period, and class certification, the court hereby **vacates** its First Amended Scheduling Order, dated March 27, 2015 (Doc. 26).  Finally, the court will refer this matter by separate document to United States Magistrate Judge Paul D. Stickney for pretrial management.

**It is so ordered** this 5th day of June, 2015.

_____
Sam A. Lindsay
United States District Judge