Case 3:14-cv-01898-L-BF Document 67 Filed 12/28/16 Page 1 of 3

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 28 2016
CLERK, U.S. DISTRICT COURT
By_____
Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EARLY IVAN SARMIENTO-PEREZ, § <br> et al., § <br>     Plaintiffs, § <br> v. § <br> LAS COLINAS INTERNATIONAL, § <br> INC., et al., § <br>     Defendants. § | No. 3:14-CV-01898-L (BF) |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), this case has been referred to the United States Magistrate Judge for pretrial management. *See* Order of Reference [ECF No. 44]. Plaintiffs Gabriel Rodriguez and Travis Trujillo ("Plaintiffs") have failed to comply with the Court's order and it does not appear they wish to continue to pursue their claims in this action. For the following reasons, the Court respectfully recommends that the district court dismiss these two Plaintiffs for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)"). FED. R. CIV. P. 41(b).

**Legal Standard**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order.").

**Discussion**

1

On November 18, 2016, the Court granted Plaintiffs' Motion to Withdraw [ECF No. 62] but did not rule on Defendant's Motion for Sanctions [ECF No. 60] in order to allow Plaintiffs to obtain new counsel and an opportunity to respond. Order 2-3 [ECF No. 66]. The Court ordered Plaintiffs to file a status report addressing if they wished to continue to pursue their claims against Defendants and if they would be seeking new counsel. *Id.* at 3 [ECF No. 66]. The order directed Plaintiffs to "inform the Court if they wish to respond to Defendants' Motion for Sanctions [ECF No. 60], either with new counsel or by proceeding *pro se.*" *Id.* [ECF No. 66]. Plaintiffs did not file a status report or any correspondence with the Court and the time to do so has passed. *See* Docket. The Court warned Plaintiffs that failure to comply with the order could result in a recommendation to the district court to dismiss their claims pursuant to Rule 41(b) or the Court striking Plaintiffs' opt-in consent forms [ECF Nos. 45-46]. Order 3 [ECF No. 66]. Additionally, Defendants' motion for sanctions is based on Plaintiffs' failure to answer discovery requests sent over twelve months ago. Defs.' Mot. 4 ¶ 2 [ECF No. 60]. The Court found in its order that this was due to the fault of Plaintiffs, not their counsel. Order 2 [ECF No. 66]. The Court does not find any evidence that Plaintiffs wish to continue to participate in this litigation and it appears they have abandoned their claims.[1] *See McBride v. Ausbie*, No. 3:14-CV-1352-M (BN), 2014 WL 7330971, at *3 (N.D.Tex. Dec. 23, 2014) ("A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances, and the undersigned concludes that lesser sanctions would be futile. . . . Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and dismiss this action without prejudice.") (citing *See Rasmus v. Dir., TDCJ-CID*, No. 1:08-CV-409, 2008 WL 4899971, at *2 (E.D.Tex. Nov. 10, 2008)).

---

[1] The Court notes that Plaintiffs: J. Salud Jamaica, Hugo Castaneda, Juan F. Salas, and Catalino Rafael Diaz should be allowed to proceed in this case.

Accordingly, the district court should strike Plaintiffs' opt-in consent forms [ECF Nos. 45-46] and dismiss Plaintiffs' claims without prejudice pursuant to Rule 41(b).

## RECOMMENDATION

For the foregoing reasons, the Court respectfully recommends that the district court strike Plaintiffs Gabriel Rodriguez and Travis Trujillo's opt-in consent forms [ECF Nos. 45-46] and dismiss Plaintiffs' claims for failure to prosecute pursuant to Rule 41(b). The Court also recommends that Defendants' Motion for Sanctions [ECF No. 60] be denied as moot.

**SO RECOMMENDED**, this 28 day of December, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. See *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).